IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA BAHENA ORTUÑO, et al., Plaintiffs, v. DAVID JENNINGS, et al., Defendants. | Case No. 20-cv-02064-MMC<br><br>**ORDER RE: DEFERRED PORTION OF PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER; DIRECTIONS TO PETITIONERS** |

On April 8, 2020, the Court issued its order granting in part and denying in part petitioners' Motion, filed March 24, 2020, for a Temporary Restraining Order. Now before the Court is the deferred portion thereof, specifically, petitioners' request that Olvin Said Torres Murillo ("Torres Murillo") and Mauricio Ernesto Quinteros Lopez ("Quinteros") be released from detention. As to these two petitioners, the parties, with leave of court, have filed supplemental briefs and evidence. Having read and considered the parties' respective written submissions, the Court rules as follows.

In its April 8 order, the Court ruled on the motion as to all petitioners other than Torres Murillo and Quinteros. (See Doc. No. 38.) To the extent such order is applicable to all petitioners, the Court incorporates said order herein.

In that same order, the Court identified and discussed the factors "pertinent in assessing the propriety of any injunctive relief." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 32 (2008). This order considers the question of whether those factors weigh in favor of or against the relief sought on behalf of Torres Murillo and Quinteros.

//

United States District Court
Northern District of California

Petitioners assert, and respondents do not dispute, that Torres Murillo has hypertension and has been receiving medication for such condition while detained. (See Weisner Decl. ¶¶ 8-10.) Petitioners also assert, and respondents do not dispute, Quinteros has hypertension and that respondents have been aware of such condition as of the date he was detained by ICE. (See Patel Decl. ¶ 5; Supp. Freeman Decl. Ex. B at 5.) Although respondents, citing a page of a Centers for Disease Control website, argue persons with hypertension have not been recognized as being at a higher risk of severe illness or death if infected with COVID-19, another page of the same website does include persons with hypertension in that higher-risk group, see www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (listing hypertension as condition "associated with increased illness severity and adverse outcomes"), and, as petitioners point out, several medical studies have found persons with hypertension are at such higher risk (see Supp. Keller Decl. ¶ 5).

Accordingly, for the same reasons as were found as to petitioners Salomon Medina Calderon, Gennady V. Lavrus, Charles Joseph, and J Elias Solorio Lopez, the Court finds a clear showing has been made by Torres Murillo and Quinteros as to the four pertinent factors. Specifically, Torres Murillo and Quinteros have shown (1) they are "likely to succeed on the merits" of their Fifth Amendment claim, (2) they are "likely to suffer irreparable harm in the absence of preliminary relief" from their present conditions of confinement, (3) the "balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." (See Doc. No. 38 at 2:10-13; see also id. at 6:22-8:21.) Respondents argue Torres Murillo and Quinteros, for reasons specific to said petitioners, nonetheless should not be released. The Court addresses below the circumstances pertaining to these two petitioners.

Torres Murillo entered the country lawfully on a T-2 visa more than nine years ago, has no criminal history, and, at the time of his detention by ICE, was residing lawfully in the Bay Area with his wife and two children. See Torres Murillo v. Barr, Civil Case No. 19-5676 SK, Doc. No. 16 at 1:19-23; (Weisner Decl. ¶ 6). The sole basis for his

detention is a notice issued by Honduras requesting he be so held. Although an immigration judge found the possibility of his involuntary return to Honduras made Torres Murillo a potential flight risk, the notice was issued over a year and half ago, and Honduras has taken no steps to seek Torres Murillo's extradition. (See Second Supp. Kaiser Decl. ¶ 3.) Moreover, according to the Department of Justice, the United States does not consider such notice "alone to be a sufficient basis for the arrest of a subject because it does not meet the requirements for arrest under the 4th Amendment to the Constitution." See https://www.justice.gov/interpol-washington/frequently-asked-questions.

Quinteros entered the country legally on a six-month tourist visa but remained after it expired, which extended stay was the basis for his detention. (See Bonnar Decl. ¶ 13.) He subsequently was found by an immigration judge to pose a danger to the community in light of a single vehicle code violation, which, although as Quinteros conceded, involved his driving a motorcycle at a high rate of speed (see Supp. Freeman Decl. Ex. B at 9), is his only encounter with law enforcement during the five years he has been here. Further, although respondents state Quinteros's name is in an El Salvador gang-membership database (see Second Supp. Bonnar Decl. ¶ 2), the immigration judge found Quinteros was not a gang member (see Supp. Freeman Decl. Ex. B at 14).

Under the circumstances, the Court finds respondents' concerns do not warrant denial of the relief sought by either petitioner.

Accordingly, the Court will grant the deferred portion of the motion, and, as to each petitioner, will include the following conditions in its order of release:

(1) Petitioner is to reside and shelter in place at an address to be specified in said order.[1]

(2) Petitioner shall be transported by a person to be specified in said order from

---

[1] The address for each petitioner is to be provided by petitioners' counsel.

3

his place of detention to the residence where he will reside and shelter in place.[2]

(3) Pending further order of the Court, petitioner shall not leave the residence where he will shelter in place, except to obtain medical care, to appear at immigration court proceedings, or to obey any order issued by the Department of Homeland Security.

(4) Petitioner shall not violate any federal, state, or local law.

(5) Petitioner shall comply with the usual conditions of release set forth in ICE's order of own recognizance, and if petitioner becomes subject to a final order of removal, he shall comply with the usual conditions of release set forth in ICE's order of supervision.

(6) At the election of DHS and/or ICE, petitioner's whereabouts may be monitored by telephonic and/or electronic and/or GPS monitoring.

Additionally, as to Quinteros only, the Court will include a condition prohibiting him from driving.

**CONCLUSION**

For the reasons stated, the deferred portion of petitioners' motion is hereby GRANTED, as follows:

1. To the extent the motion is brought on behalf of petitioners Olvin Said Torres Murillo and Mauricio Ernesto Quinteros Lopez, the motion is hereby GRANTED, and said petitioners shall be released upon the filing of an order setting conditions of release, which order will be issued following each petitioner's filing of a notice setting forth the address at which he shall reside and shelter in place, as well as the name of his transporter.

2. Respondents are hereby DIRECTED to show cause, no later than April 28, 2020, why, as to Olvin Said Torres Murillo and Mauricio Ernesto Quinteros Lopez, a preliminary injunction should not issue. Petitioners' reply shall be filed no later than seven days after any such response is filed. As of the date the reply is filed, the Court,

---
[2]The name of the transporter of each petitioner is to be provided by petitioners' counsel.

4

unless the parties are otherwise advised, will take the matter under submission.

**IT IS SO ORDERED.**

Dated: April 14, 2020

MAXINE M. CHESNEY
United States District Judge