IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA BAHENA ORTUNO, et al.,<br>Plaintiffs,<br>v.<br>DAVID JENNINGS, et al.,<br>Defendants. | Case No. 20-cv-02064-MMC<br><br>**ORDER DENYING PETITIONERS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Doc. No. 55 |

Before the Court is petitioners' "Motion for Leave to File Motion for Reconsideration Re: Certain Petitioners," filed April 15, 2020. Having read and considered the motion, the Court rules as follows.

In an order filed April 8, 2020, the Court granted in part and denied in part petitioners' Motion for a Temporary Restraining Order. By the instant motion, petitioners seek leave to file a motion for reconsideration of said order to the extent the order denied relief to petitioners Ricardo Vasquez Cruz ("Vasquez Cruz"), Julio Cesar Buendia Alas ("Buendia Alas"), and Marco Montoya Amaya ("Montoya").

In support of their proposed motion for reconsideration, petitioners have filed new evidence, in particular, a declaration by a physician who reviewed medical records available for each of the above-referenced three petitioners, which declaration, petitioners assert, demonstrates that each of those petitioners has at least one health condition that places him at a high risk of contracting a severe illness if infected by COVID-19.

Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show (1) "a material difference in fact or law exists from that

which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  See Civil L. R. 7-9(b).

Here, petitioners rely on the first two of the above-cited circumstances. Petitioners, however, have not shown the subject medical records did not exist prior to the date on which petitioners filed their Motion for a Temporary Restraining Order, nor have they shown those records could not have been obtained prior to such date.

Accordingly, the Motion for Leave to File a Motion for Reconsideration is hereby DENIED, without prejudice to the filing of a motion for a preliminary injunction.  In any such motion, petitioners are advised to address, in addition to the medical issues,[1] the question of whether the conditions existing in the detention facilities have changed, and, in light of adverse findings made, as to Vasquez Cruz and Montoya, by an immigration judge (see Kaiser Decl. ¶ 13; Bonnar Decl. ¶ 15), and, as to Buendia Alas, by Immigration and Customs Enforcement (see Bonnar Decl. ¶ 12), whether release of the above-referenced petitioners is in the public interest.

**IT IS SO ORDERED.**

Dated: April 20, 2020

MAXINE M. CHESNEY
United States District Judge

---

[1] In that regard, the Court notes the average of the blood pressure readings for both Vasquez Cruz and Buendia Alas falls within the normal range.  (See Second Supp. Keller Decl. ¶¶ 14, 25; see also id. n.5.)