IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA BAHENA ORTUÑO, et al., <br><br> Petitioners-Plaintiffs <br><br> v. <br><br> DAVID JENNINGS, et al., <br><br> Respondents-Defendants. | Case No. 20-cv-02064-MMC <br><br> **ORDER GRANTING PRELIMIINARY INJUNCTION AS TO PETITIONERS MEDINA CALDERON, LAVRUS, JOSEPH, SOLORIO LOPEZ, TORRES MURILLO, AND QUINTEROS** |

On March 24, 2020, petitioners filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." Subsequently, by order filed April 8, 2020 ("April 8 Order"), the Court granted petitioners' motion for a temporary restraining order as to Salomon Medina Calderon ("Medina Calderon"), Gennady V. Lavrus ("Lavrus"), Charles Joseph ("Joseph"), and J. Elias Solorio Lopez ("Solorio Lopez"), and directed respondents to show cause why a preliminary injunction should not issue mandating the continued release of those four petitioners. Thereafter, by order filed April 14, 2020 ("April 14 Order"), the Court granted petitioners' motion for a temporary restraining order as to two additional petitioners, specifically, Olvin Said Torres Murillo ("Torres Murillo") and Mauricio Ernesto Quinteros Lopez ("Quinteros"), and directed respondents to show cause why a preliminary injunction should not issue as to those two petitioners as well.

Now before the Court are respondents' responses to the above-referenced orders to show cause and petitioners' replies thereto.[1] Having read and considered the parties'

---

[1] Unless otherwise specified, all references below to "petitioners" are to the six individuals identified above.

respective written submissions, the Court rules as follows.

In their responses, respondents reiterate two threshold arguments set forth in their opposition to the motion for a temporary restraining, specifically, that (1) petitioners lack standing, and (2) petitioners may not proceed under § 2241. The Court has considered these arguments anew and, for the reasons set forth in the Court's April 8 Order, finds petitioners have standing to assert the claims alleged in their petition and that they may proceed under § 2241.

Next, relying on 28 U.S.C. § 2241, respondents argue, for the first time, the Court lacks jurisdiction to consider petitioners' claims. Section § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." See 28 U.S.C. § 2241(a). Respondents contend the phrase "within their respective jurisdictions" is a reference to subject-matter jurisdiction. As interpreted by the Supreme Court, however, the phrase is used "not in the sense of subject-matter jurisdiction," see Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004), but, rather, "require[s] nothing more than that the court issuing the writ have jurisdiction over the custodian," see id. at 442 (internal quotation and citation omitted). In other words, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." See id. at 451 (Kennedy, J., concurring)). The Court thus turns to the question of whether petitioners have named a proper respondent, i.e., a custodian over whom the Court has jurisdiction.[2]

At the time the instant action was filed, petitioners were detained either at Yuba County Jail ("Yuba"), a county facility, or at Mesa Verde Detention Facility ("Mesa Verde"), a privately run facility. As both facilities are located in the Eastern District of

---

[2]Petitioners contend respondents waived their right to raise this issue by not addressing it in their response to petitioners' motion for a temporary restraining order. For purposes of the instant order, the Court assumes respondents have not waived their ability to raise this issue.

California, as would be the wardens or other officials who supervise the detainees therein, respondents argue the instant action should have been filed in the Eastern District. The Court finds persuasive, however, decisions holding that where, as here, a detainee is, pursuant to a contract with Immigration and Customs Enforcement ("ICE"), held in a county facility or a privately run facility, the proper custodian is the ICE official who "oversee[s]" the facility. See Roman v. Ashcroft, 340 F.3d 314, 320-21 (6th Cir. 2003) (holding "District Director" who "oversee[s]" facility where petitioner is detained is proper respondent in § 2241 action); Saravia v. Sessions, 280 F. Supp. 3d 1168, 1185 (N.D. Cal. 2017) (holding, in § 2241 action where "petitioner [is] held in federal detention in a non-federal facility pursuant to a contract," proper respondent is "federal official most directly responsible for overseeing that contract facility"); Zabadi v. Chertoff, 2005 WL 1514122, at *3 (N.D. Cal. June 17, 2005) (holding, where petitioner is detained by ICE in county jail, ICE "district director," having "full authority to direct the local warden to release petitioner," is proper respondent). Additionally, as those cases explain, the district in which such ICE official is located is a proper forum in which to hear a detainee's habeas petition. See, e.g., Saravia, 280 F. Supp. 3d at 1187 (finding § 2241 petition "properly" heard in district in which it was filed, where respondent ICE official with oversight over jail detaining petitioner was within court's "territorial jurisdiction").

Here, petitioners have named as a respondent David Jennings ("Jennings"), who, petitioners allege, is "the Acting Field Director for the San Francisco Field Office of ICE" and "responsible for carrying out ICE's immigration detention operations at Mesa Verde and Yuba." (See Petition ¶ 28.) As respondents have not disputed Jennings' position, and in light of the authorities set forth above, the Court finds, as have other judges in this district, he is a proper respondent in § 2241 actions filed by detainees at Yuba and Mesa Verde; accordingly, the Court finds the petition is properly filed in this district. See, e.g., Doe v. Barr, 2020 WL 1984266, at *5 (N.D. Cal. April 27, 2020) (finding Jennings is "proper respondent" in § 2241 petition filed by Yuba detainee); see also Zepeda Rivas v. Jennings, 2020 WL 2059848, at *2 (N.D. Cal. April 29, 2020) (finding Northern District of

California "proper forum" for § 2241 petition filed by detainees at Yuba and Mesa Verde, where petitioners named Jennings as respondent).

The Court next considers whether the temporary restraining orders previously issued should be converted into a preliminary injunction. As set forth in the April 8 Order, "'[a] plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" (See April 8 Order at 2:10-13 (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008)).)

The Court, in its April 8 and April 14 Orders, identified the evidence and reasons why petitioners had shown the above-referenced four factors supported issuance of a temporary restraining order, including their heightened risk of illness if infected with COVID-19 and their inability to practice meaningful social distancing or otherwise meaningfully adhere to the country's health official's advice as to how to avoid contracting COVID-19. (See April 8 Order at 6:6 – 8:15; April 14 Order at 2:1-20.)

In response to the orders to show cause, respondents argue the four factors now weigh against granting injunctive relief. In support thereof, respondents have submitted evidence that, after the temporary restraining orders were issued, Yuba and Mesa Verde increased supplies of soap and cleaning products available to detainees and provided masks to detainees and staff. (See Kaiser Decl., filed April 28, 2020 ¶ 10; Bonnar Decl., filed April 28, 2020 ¶ 11.)

Although such new procedures alleviate some of the conditions identified in the April 8 and April 14 Orders, individuals presently detained at Yuba and Mesa Verde continue to lack the ability to engage in social distancing and, were the Court to direct petitioners to return to said facilities, petitioners would encounter that same impediment, which, given their respective medical conditions, would expose them to a heightened risk of contracting a severe illness, a circumstance that outweighs the legitimate purposes expressed by ICE in seeking their detention. Indeed, after taking account of the situation

4

existing at Yuba and Mesa Verde as of April 29, 2020, another district court recently certified a class consisting of all detainees at those two facilities, finding the conditions existing therein warranted injunctive relief.  See Zepeda Rivas, 2020 WL 2059848, at *2-*3 (noting "it is undisputed that [ICE] has not come close to achieving social distancing for most detainees"; further noting "people are regularly being transported from facilities with COVID-19 cases," such as Santa Rita Jail, to Yuba and Mesa Verde).

Respondents have also offered evidence that, as to Solorio Lopez, Torres Murillo, and Quinteros, immigration judges have continued each said alien's pending removal proceedings, in order to give priority to cases in which the alien remains in detention. (See Bonnar Decl., filed April 22, 2020, ¶ 17 (stating proceedings in Solorio Lopez's case have been "delayed indefinitely"); see Kaiser Decl., filed April 28, 2020, ¶ 17 (stating Torres Murillo's next hearing has been continued from April 29, 2020, to July 6, 2020); see Bonnar Decl., filed April 28, 2020, ¶ 19 (stating Quinteros's next hearing has been continued from April 30, 2020, to a date that will be set on June 30, 2020).)  Although respondents argue any such delay is an additional reason why, as to these three petitioners, injunctive relief would not serve the public interest in enforcement of immigration laws, the decisions to continue their hearings were made by immigration judges who, assumedly having such public interest in mind, found the continuances were in the interests of justice.  Under the circumstances, the Court finds the above-referenced continuances are not a factor weighing against issuance of a preliminary injunction.

In sum, the Court finds petitioners have continued to show that they are likely to succeed on the merits of their claims, that they are likely to suffer irreparable injury if not released during the COVID-19 pandemic, that the balance of hardships tips in their favor, and that the public interest is served by the requested injunctive relief.

Accordingly, the Court finds issuance of a preliminary injunction as to the above-referenced six petitioners is warranted.

The Court next considers whether, as respondents argue, the conditions set forth in the existing orders of release should be revised.

In that regard, respondents first reiterate their request, made in a statement filed April 10, 2020, that ICE be allowed to detain a petitioner without advance notice to the Court, if (1) ICE determines he has violated a condition of release, or (2) his removal order becomes final and ICE obtains a travel document.  The Court, by order filed April 13, 2020, having denied respondents' initial request to impose such conditions, again finds insufficient cause exists to impose them.

Respondents next assert that any preliminary injunction should "expire when the current state and local shelter-in-place orders are lifted."  (See Response, filed April 22, 2020, at 24:10-11; Response, filed April 28, 2020, at 24:16-17.)  The expiration of shelter-in-place orders, however, would not necessarily compel a finding that the conditions at Yuba and/or Mesa Verde have changed to the extent that the need for preliminary relief would cease on that date.  Consequently, the Court declines at this time to specify a date on which the injunction will expire.

Lastly, respondents request that, should a petitioner subsequently seek court approval to change the address at which he will shelter in place, such petitioner should be required to state he has obtained approval for the move from his parole officer, if he has one, and to provide respondents with identifying information as to the person(s) at the new address who will be responsible for him.  As petitioners do not object to this request, the Court directs petitioners to include such information in any motion seeking approval of a change of residence.

## CONCLUSION

For the reasons stated above, the Court finds petitioners are entitled to a preliminary injunction.  Specifically, the terms of the existing orders of release issued as to Medina Calderon, Lavrus, Joseph, Solorio Lopez, Torres Murillo, and Quinteros shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: May 7, 2020

MAXINE M. CHESNEY
United States District Judge

6